IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL M. BARLEY, #260262, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:10-CV-989-ID |
| ) | [WO] |
| RICHARD ALLEN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 2, 2011, Plaintiff, Daniel M. Barley ["Barley"], filed a "motion to drop defendants" (Doc. #47) in which he seeks to dismiss Nurse Parker and Nurse Austin from this cause of action. The court, therefore, construes this document as a motion to dismiss. Upon consideration of Plaintiff's motion to dismiss, the court concludes that this motion is due to be granted. *See* Fed. R. Civ. P. 41(a)(2).

Dismissal without prejudice pursuant to Rule 41(a)(2) at the insistence of the plaintiff is committed to the sound discretion of this court and, absent some plain legal prejudice to a defendant, denial of the dismissal constitutes an abuse of this court's discretion. *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855 (11th Cir. 1986). Simple litigation costs, inconvenience to the defendant, and the prospect of a second or subsequent lawsuit do not constitute clear legal prejudice. *Id*. *See also Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366 (5th Cir. 1967).

The court has carefully reviewed the file in this case and determined that even if the defendants referenced in the motion were provided an opportunity to file a response to Plaintiff's motion to dismiss, they would not be able to demonstrate the existence of clear legal prejudice. Consequently, the court concludes that Plaintiff's claims against Defendants Parker and Austin should be dismissed without prejudice on Plaintiff's motion.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion to dismiss (Doc. #47) be GRANTED;

2. Plaintiff's claims against Nurse Parker and Nurse Austin be dismissed without prejudice;

3. Nurse Parker and Nurse Austin be dismissed as defendants in this cause of action; and

4. This case shall henceforth proceed on Plaintiff's claims against the remaining defendants.

It is further

ORDERED that **on or before August 19, 2011**, the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 5th day of August, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE